IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

RAMIRO CANALES                          §

VS.                                     §           CIVIL ACTION NO. 1:20-CV-77

DEMETRIA EDISON, *et al.*,               §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Ramiro Canales, an inmate currently confined at the Connally Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Demetria Edison, Daniel J. Quesenberry,[1] Duyean Bui, Annuncia Wright and Michelle Spruell-Smith.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

This case was severed from Civil Action No. 1:16cv140 (docket entry no. 1). Plaintiff sues the defendants regarding an incident on December 9, 2016, while he was incarcerated at the Mark Stiles Unit in Beaumont, Texas. Amended Complaint (docket entry no. 2). Plaintiff asserts a failure to protect claim against defendant Quesenberry, an excessive use of force claim against defendant Edison, and a denial of medical care claim against defendants Wright, Bui and Spruell-Smith. Amended Complaint (docket entry no. 2); *see also* Response to Order to Replead, pgs. 1-5 (docket

_____
[1]Plaintiff misspelled defendant Quesenberry's name as Questenberry.

entry no. 4); Affidavit (docket entry no. 5). The defendants were ordered to answer or otherwise plead on April 8, 2019 and (docket entry no. 6 & 8).

Defendants Bui and Wright filed a Motion to Dismiss on May 13, 2019 (docket entry no. 7). Defendant Spruell-Smith filed an Answer on July 1, 2019 (docket entry no. 13). Defendant Quesenberry then filed a Motion to Dismiss on the same day (docket entry no. 14). The undersigned entered a Report and Recommendation on August 8, 2019, denying in part and granting in part, the Motions to Dismiss filed by defendants Bui, Wright and Quesenberry (docket entry nos. 21 & 22). The undersigned specifically recommended dismissing plaintiff's official capacity claims for monetary damages, while recommending plaintiff's individual capacity claims for denial of medical care against defendants Bui and Wright and failure to protect claim again defendant Quesenberry proceed. *Id.* Defendants Edison, Quesenberry, Bui and Wright then filed an Answer on November 18, 2019 (docket entry no. 34). A Memorandum Opinion and Order Adopting the August 8, 2019 Report and Recommendations was entered on January 21, 2020 (docket entry nos. 43 & 44). A Docket Control Order was then entered on April 27, 2020 (docket entry no. 60). Currently pending is Defendants' Motions for Summary Judgment (docket entry nos. 72, 74 & 75) and Plaintiff's Response (docket entry nos. 80 & 81).

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Analysis

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison condition case. The statute provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure which takes approximately 90 days to exhaust. The grievance procedure available for inmates confined in TDCJ-CID is outlined in the Offender Orientation Handbook.[2]

The first step of the grievance procedure, Step 1 (I-127 form), involves the prison submitting a grievance to the unit grievance coordinator. The Step 1 grievance must be submitted within 15 days from the date of the alleged incident. The unit grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the warden or assistant warden. Step 1 of the grievance process may take up to 40 days from the date the unit grievance office receives the Step 1 form.

The second step of the grievance procedure, Step 2 (I-128 form), involves the prisoner submitting an appeal to the division grievance investigator at TDCJ-CID headquarters. The division grievance investigator will investigate the grievance, collect documents and other evidence,

---

[2] *See* http://www.tdcj.state.tx.us/publications/pubs_cid_offender_orientation_handbook.html.

interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The decision maker for a Step 2 grievance is the regional director or assistance director. The Step 2 process may take up to 35 days to provide a written response.

Exhaustion of administrative remedies prior to filing suit is mandatory and is intended to give correctional officials an opportunity to address complains internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. A prisoner must exhaust administrative remedies regardless of the type of relief he seeks and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit. *See Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). "If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know - and a prisoner could ordinarily be expected to provide - details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Id*. at 517.

In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court recognized that the failure to exhaust administrative remedies is an affirmative defense. The Supreme Court has also explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other

critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

An inmate must properly exhaust his administrative remedies before filing suit; unexhausted claims cannot be filed in court. *Woodford*, 548 U.S. at 92-94. The relevant statutory provision "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).

The competent summary judgment evidence in this case shows that there is no genuine dispute of material fact that plaintiff failed to properly exhaust the available grievance procedure by failing to comply with the established rules for submitting his grievances in a procedurally correct manner through all steps of the grievance procedure for each of his claims. A review of plaintiff's inmate grievances reveals plaintiff failed to submit any Step 1 grievance within the requisite time frame which form the basis of his complaints against each defendant. New issues cannot be raised for the first time on a Step 2 grievance form; a claim must be raised in both steps to be considered exhausted. *Randle v. Woods*, 299 F. App'x 466 (5th Cir. 2008) (citing *Woodford*, 548 U.S. 92-93)). Therefore, the defendants' motions for summary judgment should be granted based on plaintiff's failure to exhaust administrative remedies.

<u>Recommendation</u>

Defendants' Motions for Summary Judgment should be granted for failure to exhaust administrative remedies.

<u>Objections</u>

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 2nd day of March, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE