IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RAMIRO CANALES | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-77 |
| DEMETRIA EDISON, *et al.*, | § | |

<u>MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND
ACCEPTING REPORT AND RECOMMENDATION</u>

Plaintiff, Ramiro Canales, an inmate currently confined at the Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Demetria Edison, Daniel J. Quesenberry, Duyean Bui, Annuncia Wright and Michelle Spruell-Smith.

The court referred this matter to the Honorable Keith Giblin, former United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.[1] On March 2, 2021, the Magistrate Judge recommended granting Defendants' Motions for Summary Judgment for failure to exhaust administrative remedies (doc. # 90).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. After granting Plaintiff an extension on filing his objections, Plaintiff filed his Objections on March 30, 2021 (doc. # 97). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

A brief recap of Plaintiff's claims against each Defendant is necessary to evaluate Plaintiff's objections. Plaintiff sues the Defendants regarding an incident on December 9, 2016, while incarcerated at the Mark Stiles Unit. Report and Recommendation, pg. 1 (doc. # 90). Plaintiff asserts a failure to protect claim against Defendant Quesenberry, an excessive use of force claim

---

[1] This case was referred to Magistrate Judge Christine L. Stetson on September 15, 2021 (Doc. # 101).

against Defendant Edison, and a denial of medical care claim against Defendants Wright, Bui and Spruell-Smith. *Id.*[2]

In his Objections to the Report and Recommendation, Plaintiff dedicates one paragraph out of seven pages to the Magistrate Judge's recommendation granting Defendants' Motion for Summary Judgment for failure to exhaust administrative remedies. Objections, pg. 6 of 7 (doc. # 97).[3] Plaintiff states his Step 1 grievance complaining of "excessive force by names' [sic] of defendants Sergeant Jherick Campbell, Lieutenant Demetria Edison, Correctional Officer Daniel Quesenberry and Correctional Nurse RN Spruell-Smith" was submitted within 15 days from the incident on December 12, 2016, but was lost and/or destroyed by the grievance department. Objections to MSJ, pg. 9 (doc. # 80). Plaintiff argues that because there was no response from TDCJ to his Step 1 grievance, there was nothing for him to appeal. Because there was no response, Plaintiff contends he submitted a Step 2 grievance under Grievance No. 2017027828 relating to his claims against Defendants Campbell, Edison, Quesenberry, Bui, White and Spruell-Smith in an attempt to fully exhaust those claim. *Id.*, pg. 10. This Step 2, however, is dated December 9, 2016, three days before Plaintiff filed his Step 1 grievance he alleges was lost or destroyed. Based on Plaintiff's own evidence, it would be impossible for him to properly exhaust his claims against the Defendants given the records Plaintiff references establish that his Step 2 grievance was filed before his Step 1 grievance. Furthermore, Plaintiff's own evidence establishes that he failed to follow proper procedure which would require him to file a Step 2 that grieved only the issues filed in the Step 1 he says was lost and/or destroyed. Plaintiff's own evidence establishes that he raised new

---

[2]Plaintiff also asserted an excessive use of force claim against Defendant Jherick Campbell relating to the same incident, but those claims were dismissed on March 11, 2020 pursuant to Federal Rule of Civil Procedure 4(m) (Doc. # 115).

[3]The majority of his Objections appear to be a restatement of Plaintiff's legal claims against the Defendants. Plaintiff also references his Motion for Summary Judgment. The court can find no such pleading. However, the court did find Plaintiff's Objections to Sealed Motion for Summary Judgment August 13, 2020 in response to the Motion for Summary Judgment filed by Defendant Edison and Quesenberry (doc. # 80). Plaintiff discusses exhaustion in this pleading and these arguments are considered above.

claims in the Step 2 2017027828 grievance.[4]  *Ornelas v. Haynes,* 2021 WL 6194358 * 1 (5th Cir. Dec. 30, 2021) (citing *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (TDCJ provides a two-step process for filing grievances, and a prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement)).  Plaintiff has failed to create a genuine dispute of material fact and his Objections are overruled.

## ORDER

Accordingly, plaintiff's Objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct, and the reports of the Magistrate Judge are **ADOPTED**.  A Final Judgment will be entered in accordance with the recommendation of the Magistrate Judge.

**SIGNED** this the **18** day of **August, 2022.**

_____
Thad Heartfield
United States District Judge

---

[4] Although Plaintiff argues his Step 1 grievance was lost and never returned to him with a response, the courts have held this is not a valid excuse for failing to properly exhaust administrative remedies.  *See, e.g., George v. Landers*, Civil Action No. 5:17cv25, 2018 WL 1056398 (E.D. Tex., Jan. 19, 2018); *Womack v. Simpson*, Civil Action No. 3:04cv767, 2004 WL 2070953 (N.D. Tex. Sept. 15, 2004), *Report adopted at* 2004 WL 271406 (N.D. Tex., Oct. 8, 2004) (rejecting prisoner's contention he could not exhaust administrative remedies because he never heard back on his Step One grievances); *Saylors v. Ross*, Civil Action No. 2:01cv186, 2003 WL 21449279 (N.D. Tex., Apr. 1, 2003) (same); *accord*, *Randle v. Woods*, 299 F. App'x 466, 2008 L 4933754 (5th Cir., Nov. 19, 2008) (TDCJ-CID prisoners cannot raise issues for the first time in a Step Two grievance appeal) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006) and *Johnson v. Johnson*, 385 F.3d 503, 515 5th Cir. 2004)) and *Bangmon v. Alexander*, 2021 WL 3477490 (5th Cir., Aug. 6, 2021) (recognizing and adopting reasoning in *Randle*).