| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

RAMIRO CANALES, §
§
    Plaintiff, §
§
versus § CIVIL ACTION NO. 1:20-CV-77
§
DEMETRIA EDISON, et al., §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ramiro Canales, an inmate confined at the Mark Stiles Unit, with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several Defendants Demetria Edison, Daniel J. Quesenberry, Duyean Bui, Annuncia Wright and Michelle Spruell-Smith.  Pending before the Court is a Motion for Reconsideration filed by Petitioner on March 21, 2023 (#42).

The Motion for Reconsideration was filed more than 28 days after entry of the final judgment.  As such, the pending motion should be construed as a Motion for Reconsideration under Federal Rule of Civil Procedure 60(b).

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 1.    Mistake, inadvertence, surprise, or excusable neglect;
>
> 2.    Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> 3.    Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4. The judgment is void;

5. The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6. Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A careful review of the motion reveals Plaintiff is merely asking this court to reconsider its prior decision. Plaintiff is using this motion, in effect, to seek a second round of appeals from the dismissal of this civil action. A Rule 60 motion, however, "is not to be used as a substitute for appeal. . . ." *Diaz v. Stephens*, 731 F.3d 370, 377 (5th Cir. 2013) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). Plaintiff has failed to present any "extraordinary circumstances" or demonstrate that he is entitled to relief under Rule 60(b). Accordingly, it is

**ORDERED** that Plaintiff's Motion for Rule 60(b) Relief from Judgment (#126) is **DENIED**.

SIGNED at Beaumont, Texas, this 4th day of March, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE